UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

v.                          Case No.8:09-cv-2295-T-33TGW

BAY AREA INVESTMENT GROUP, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Renewed Motion to Dismiss for Failure to Serve or Prosecute (Doc. # 15), which was filed on June 2, 2010. On June 3, 2010, Plaintiff filed a Response in Opposition to the Motion (Doc. # 18), and Defendant filed a Reply (Doc. # 19). For the reasons that follow, the Court grants Defendant's Motion.

I.  **Background**

Plaintiff initiated this ADA case on November 10, 2009. (Doc. # 1). On May 18, 2010, Defendant filed a motion to dismiss this suit for failure to serve or prosecute, noting, "As of May 12, 2010, Defendant has yet to be served with the summons . . . . This is well past the 120 day deadline for service of the initial complaint and summons, and Plaintiff has not filed a request for an extension of time or other motion." (Doc. # 11 at 1-2).

On May 20, 2010, this Court issued an Order to Show Cause directing Plaintiff to show cause by June 1, 2010, why this action should not be dismissed. (Doc. # 12). Plaintiff missed the Court's June 1, 2010, deadline, and on June 2, 2010, Defendant filed its Renewed Motion to Dismiss this case. (Doc. # 15).[1]  The Motion is ripe for the Court's review.

II. **Analysis**

A plaintiff generally must effect service of process within 120 days after filing the complaint. Specifically, Fed.R.Civ.P. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Id.

In this case, Plaintiff failed to effect service of process within 120 of filing the complaint, and Plaintiff failed to move for an extension of time to perfect service

---

[1] Plaintiff filed a late response to the Order to Show Cause, and this Court is not obligated to consider such untimely submission. (Doc. # 16). Nevertheless, the Court has reviewed the submission and finds that it does not establish good cause for Plaintiff's failure to timely effect service of process on Defendant.

prior to the expiration of the 120 days.  As pointed out by Defendant, "Plaintiff does not mention sickness, infirmity, or any other cause that would have precluded him from seeking an extension of time prior to the 120 days running." (Doc. # 19 at 1). (Emphasis removed).  Plaintiff remarks that he has attempted to serve Defendant on three occasions since this action was initiated in November 2009.  Plaintiff's argument is unavailing, especially since over seven months have passed since Plaintiff filed the complaint, and the fundamental requirement of service of process is still unfulfilled.

The Eleventh Circuit has commented that, "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990).

Upon due consideration, the Court determines that it is appropriate to dismiss this action without prejudice for failure to timely perfect service of process on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, it is

**ORDERED**, **ADJUDGED** and **DECREED** that:

1)   Defendant's Renewed Motion to Dismiss for Failure to Serve or Prosecute (Doc. # 15) is **GRANTED**.

2) This case is dismissed without prejudice. The Clerk is directed to terminate all pending motions and to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on the 15th day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel and Parties of Record